```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**RONALD CONNER,**

      Movant

v.                                        **CIVIL ACTION NO. 2:03-02261**
                                                     (Criminal No. 2:02-00226-03)

**UNITED STATES OF AMERICA,**

      Respondent

<u>MEMORANDUM OPINION AND ORDER</u>

**Pending before the court is the movant's motion pursuant to 28 U.S.C. § 2255, filed October 16, 2003, which seeks the vacatur, set aside, or correction of his sentence of 84 months imprisonment. The motion was subsequently amended on January 14, 2004, and June 29, 2004, to add additional allegations.**

**In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the court received the proposed findings and recommendation of the United States Magistrate Judge on March 2, 2005. Movant filed objections, consisting of 34 handwritten pages, to the proposed findings and recommendation on March 11, 2005.**

1

I.

The court adopts the magistrate judge's recitation of the facts and procedural history and will revisit those facts only to the extent necessary to resolve the movant's objections meriting consideration.

Following movant's guilty plea to count one of the indictment which alleged movant conspired to distribute more than five grams of cocaine base, the court sentenced the defendant to 84 months imprisonment to be followed by four years of supervised release on August 21, 2003. By letter dated August 25, 2003, movant's counsel, Troy Giatras, restated this sentence to the movant and further advised him that he had ten days from the August 21, 2003, sentence in which to inform Giatras of his desire to appeal the sentence.[1] Also on August 25, 2003, movant wrote a letter to Giatras indicating his belief that the court failed to correctly calculate the total offense level during the

---

[1] Although the sentencing took place on August 21, 2003, the judgment order was not entered until August 29, 2003. Accordingly, the ten day period in which movant could file a notice of appeal began to run on August 29, 2003. Federal Rule of Appellate Procedure 4(b)(1)(A)(i); see also, U.S. v. Martinez, 277 F.3d 517, 523 (4th Cir. 2002)(noting that notice of appeal filed after defendant had been sentenced, but prior to entry of the judgment order was pre-mature). In any event, movant did not specifically request that Giatras file an appeal. See pgs. 4-5, infra.

sentencing proceedings.  On August 28, 2003, movant's father sent an email to Giatras reiterating that the movant believed that the total offense level had been mistakenly calculated and further informing Giatras that, "[h]e [movant] said he only had [un]til Sunday to respond."[2]  By letter dated August 29, 2003, Giatras informed the movant that the calculations were correct and further stated that as a result, "we will not be filing a [m]otion to appeal with respect to your sentencing."

## II.

Addressing the threshold issue in this case, the court must first consider movant's claim that Giatras failed to properly file a direct appeal on movant's behalf.  The failure of a defense attorney to file a direct appeal when so requested by the defendant constitutes <u>per se</u> ineffective assistance of counsel.  <u>See</u> <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 476-77 (2000); <u>United State v. Peak</u>, 992 F.2d 39, 42 (4th Cir. 1993).  In the

---

[2]August 31, 2003, was a Sunday.  Movant appears to have been under the mistaken belief that he had only ten calendar days in which to indicate his desire to appeal the sentence.  This is not the case under Rule 26(a)(2) of the Federal Rules of Appellate Procedure, which provides that intermediate Saturdays, Sundays, and legal holidays are not included in the computation of a time period which is less than 11 days.  Of course, the ten day period did not begin to run until entry of judgment on August 29, 2003.

absence of a direct instruction from the defendant to appeal, the question of whether counsel's failure to appeal is constitutionally deficient depends upon "whether counsel in fact consulted with the defendant about an appeal." Roe, 528 U.S. at 478. Under Roe, where counsel has consulted with the defendant, counsel's failure to file an appeal is deficient only if it contradicts the defendant's instruction to appeal. Id.

It is undisputed that Giatras consulted with the movant. Giatras specifically informed the movant that should he wish to appeal his sentence it was necessary that the movant inform him of this desire. Furthermore, upon the inquiries of movant and his father, Giatras informed the movant on August 29, 2003, that he had verified that the court's calculations were correct.

While it is true that the movant did, on August 25, 2003, inquire as to the accuracy of the court's calculations with respect to the total offense level, this inquiry appears to be more akin to a mere expression of confusion as to how the court arrived at the total offense level, rather than a request that Giatras file an appeal. Indeed, the August 28, 2003, email from movant's father to Giatras implies that as of that date movant had yet to request a notice of appeal be filed. As evidenced by

4

the correspondence, at no time did movant ever specifically request in writing that an appeal be filed and it appears that the response offered by Giatras on August 29, 2003, clarified any confusion surrounding the calculation of the total offense level and concluded the movant's inquiry into the matter.

Even though movant's objections appear to posit that he requested an appeal, he concedes in the objections that the correspondence does not specifically state a request for an appeal.  (Mov. Obj. at 14.)  Furthermore, movant does not contend that he contacted Giatras after August 29, 2003, to request that an appeal be filed.  While recognizing that the issue of whether a criminal defendant informed an attorney of his desire to appeal often involves a question of fact, this case does not present a factual dispute.  There is no evidence which would suggest that movant specifically informed Giatras, either verbally or in writing, of his desire to file an appeal.  Accordingly, there is no factual dispute that would necessitate an evidentiary hearing on this issue.  Inasmuch as it is clear that movant did not actually request an appeal, his ineffective assistance of counsel claim fails.  See Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998) ("the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the

request"); see also Garnica v. U.S., 361 F. Supp.2d 724, 730-31 (E.D. Tenn. 2005) (holding that petitioner's ineffective assistance of counsel claim failed and noting that no evidentiary hearing was required where petitioner's attorney concluded that appeal was not meritorious and petitioner did not allege that he had specifically instructed the attorney to appeal).

The court next turns to the issue of whether movant's claims are procedurally barred. If the errors asserted in a section 2255 motion were not raised on direct appeal, a court must ordinarily consider the challenge procedurally barred in a section 2255 proceeding. See Bousley v. United States, 523 U.S. 614, 621-23 (1998); United States v. Frady, 456 U.S. 152, 167 (1982); see also United States v. Mikalajunas, 186 F.3d 490 (4th Cir. 1999). Absent a showing that the ground of error was unavailable, a court may not consider that ground in a motion for § 2255 relief unless the petitioner establishes "cause" excusing his failure to raise the ground on direct appeal, and "actual prejudice" resulting from the alleged error. Bousley, 523 U.S. at 622.

In light of the determination that movant's ineffective assistance of counsel claim is without merit, movant has not demonstrated either good cause or actual prejudice for his

failure to advance the issues on direct appeal which he now asserts in his section 2255 motion. Thus, those section 2255 claims are procedurally barred and need not be further addressed. Moreover, the magistrate judge has fully considered all of the issues raised in movant's objections and aptly concluded that each of his claims is meritless.[3]

### III.

In view of the foregoing, the proposed findings and recommendation of the magistrate judge are hereby adopted and incorporated herein. It is, accordingly, ORDERED that the movant's motion pursuant to 28 U.S.C. § 2255 be, and it hereby is, denied. The court further ORDERS that this action be, and it hereby is, dismissed and stricken from the docket.

---

[3]In the proposed findings and recommendation, the magistrate judge further noted that even assuming the defendant had not procedurally defaulted, his substantive claims were without merit. Having reviewed the proposed findings and recommendation and movant's objections thereto, the court agrees with the magistrate judge's conclusion.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: June 19, 2006

_____
John T. Copenhaver, Jr.
United States District Judge